NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XINGLI WANG,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-70508

Agency No. A095-022-735

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2019**
Pasadena, California

Before:  WARDLAW, BYBEE, and MILLER, Circuit Judges.

Xingli Wang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ)

denial of Wang's application for asylum, withholding of removal, and protection

under the Convention Against Torture (CAT).  We have jurisdiction pursuant to 8

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We grant the petition for review and remand the case to the BIA.

1.      The BIA's adverse credibility determination cannot be meaningfully reviewed because the administrative record is missing a large portion of the hearing transcript, including testimony critical to the adverse credibility determination. The BIA erred in concluding, "[T]he Immigration Judge provided a detailed summary of the testimony in her decision, the respondent does not contest the summary provided by the Immigration Judge, and we find the record sufficient for our review." To the contrary: Wang did contest the characterization of his testimony in front of the BIA. He argued in his appeal brief to the BIA, "While the Court was of the belief that he was attempting to buy time in delaying his responses, there is nothing to suggest such was the case in respondent's situation." Wang further argued that he "was somewhat confused with the numbers and dates," and the BIA instead found Wang "non-responsive" and "evasive." Because the BIA relied on the testimony that was not recorded in reaching that conclusion, our inability to review the transcript prevents us from determining whether substantial evidence supports the BIA's conclusion. "While the substantial evidence standard demands deference to the IJ, we do not accept blindly an IJ's conclusion that a petitioner is not credible. Rather, we examine the record to see whether substantial evidence supports that conclusion and determine whether the reasoning employed by the IJ is fatally flawed." *Gui v. I.N.S.*, 280 F.3d 1217, 1225

(9th Cir. 2002) (internal quotation and alteration marks omitted).  If Wang is deemed credible, his claims may merit relief under *Guo v. Sessions*, 897 F.3d 1208 (9th Cir. 2018).

2.    Even if we were to assume that the BIA's credibility determination was correct, the BIA committed legal error by basing the denial of CAT relief on the adverse credibility finding alone and failing to consider other evidence like country conditions reports.  *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1283 (9th Cir. 2001).

**PETITION GRANTED; REMANDED.**

*Wang v. Barr*, No. 15-70508

MILLER, Circuit Judge, dissenting:

The court has identified arguments that might have allowed Wang to prevail if he had raised them before the Board of Immigration Appeals. But because Wang failed to exhaust those claims by presenting them to the Board, we lack jurisdiction to grant relief.

Congress has directed that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Here, the Immigration Judge found Wang to be not credible, and the Board upheld that finding. The portion of the hearing transcript available to us demonstrates that Wang gave evasive and contradictory answers about the date of his wife's retirement, and his testimony about when he was fired from his job was inconsistent with the documentary evidence that he submitted. The record supports the IJ's assessment. It does not compel a finding that Wang was credible.

Like my colleagues, I am troubled that only part of the hearing transcript is available for our review, and I believe that the agency likely committed legal error by failing to produce a complete transcript. Congress has required the agency to maintain "a complete record . . . of all testimony and evidence produced at the proceeding." 8 U.S.C. § 1229a(b)(4)(C). And courts have noted that the failure to

1

produce a complete transcript may amount to a violation of due process if it causes prejudice to the petitioner. *See*, *e.g.*, *Kheireddine v. Gonzales*, 427 F.3d 80, 85 (1st Cir. 2005); *Ortiz-Salas v. INS*, 992 F.2d 105, 106 (7th Cir. 1993). But whether based on statutory or constitutional grounds, a claim of error arising from the failure to maintain a transcript is no different from any other claim of procedural error before the agency: a petitioner must present it to the Board before seeking judicial review. *See* 8 U.S.C. § 1252(d)(1); *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam); *Sanchez-Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001). Wang did not do so.

The exhaustion requirement makes good sense here. Had Wang complained to the Board about the incompleteness of the transcript, the Board would have been better positioned than we are to assess whether the deficiency caused any prejudice—that is, whether it is reasonably likely "that a complete and accurate transcript would have changed the outcome of the case." *Ortiz-Salas*, 992 F.2d at 106. If the Board concluded that the incompleteness of the transcript was prejudicial to Wang's case, it could have ordered a rehearing, saving both the government and Wang the months of delay occasioned by proceedings in this court. But Wang did not raise the issue, and we lack jurisdiction to consider it.

To be sure, the Board recognized in a footnote that part of the transcript was missing, and it stated that "we find the record sufficient for our review." But that

does not mean Wang preserved—or that the Board considered—any argument that the incompleteness of the transcript might be a basis for a remand. Although Wang took issue with the inferences the IJ drew from his testimony—for example, by disputing the finding that he was "attempting to buy time in his responses"—Wang did not suggest that the IJ had inaccurately summarized what he said. Indeed, Wang's brief to the Board did not even mention the incompleteness of the transcript. The Board correctly recognized that Wang "does not contest the summary provided by the Immigration Judge," which is why it understandably proceeded to review the case on the basis of that summary. In remanding to the Board, the court grants Wang process that he chose to forgo.

Nor is a remand required for the Board to reevaluate Wang's claim for relief under the Convention Against Torture. In *Kamalthas v. INS*, 251 F.3d 1279 (9th Cir. 2001), we held that the Board must consider probative evidence of country conditions that bears on the likelihood that an applicant will be subject to torture if returned to his home country. But *Kamalthas* does not require the agency to address secondary evidence that is not relevant. Here, the country-conditions report is not probative of anything specific to Wang. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (explaining that "the petitioner must demonstrate that he would be subject to a '*particularized threat* of torture'" to obtain CAT relief) (citation omitted). When there is an adverse credibility finding and a petitioner

relies on secondary evidence to demonstrate eligibility for relief under the CAT, the petitioner must show that "the State Department reports, standing alone, compel the conclusion that petitioner is more likely than not to be tortured upon return." *Konou v. Holder*, 750 F.3d 1120, 1125 (9th Cir. 2014) (citation and alterations omitted). Wang cannot satisfy that standard: although he claims that he will be tortured because of his Christian faith, the record does not compel the conclusion that he is a Christian, or that he has suffered torture, or that the Chinese authorities have any interest in him that would create a particularized threat of torture. Adding the country-conditions report does not tilt the scales. *See Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006) ("Although the reports confirm that torture takes place in Yemen, they do not compel the conclusion that Almaghzar would be tortured if returned. Therefore, we defer to the IJ and BIA's determination that relief under the CAT is unavailable.").

In any event, whatever the merits of the country-conditions argument, it is not properly before us because Wang did not mention the country-conditions report in his brief to the Board. Indeed, he did not specifically argue for CAT relief at all. He therefore failed to exhaust any claim based on the CAT. *See Abebe v. Mukasey*, 554 F.3d 1203, 1207-08 (9th Cir. 2009) (en banc). The Board can hardly be faulted for not discussing a report that was never called to its attention.

4